Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2013 | **DATE** | 12/8/2000 |
| **CASE TITLE** | USA ex rel. Terrell Shade vs. James Chrans | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Shade's petition for a writ of habeas corpus is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 1 2000 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| WAP | courtroom deputy's initials | 00 DEC -8 PM 4:06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D
DEC -8 2000
Judge Harry D. Leinenweber
U.S. District Court

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel., TERRELL SHADE,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CHRANS,<br><br>Respondent. | Case No. 00 CV 2013<br><br>Judge Harry D. Leinenweber |

DOCKETED
DEC 1 1 2000

## MEMORANDUM OPINION AND ORDER

Terrell Shade seeks a writ of *habeas corpus*, alleging ineffective assistance of counsel during his trial for the shooting of two individuals. Because the Court finds no error by the state court that would warrant a grant of habeas under 28 U.S.C. § 2254, Shade's petition is denied.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Terrell Shade was convicted of first degree murder for the shooting death of Donald Morgan and of aggravated battery with a firearm for the shooting of Eddie Harris. Shade was sentenced to a term of 50 years for both offenses and is currently incarcerated at the Joliet Correctional Center in Joliet, Illinois.

In the state's evidence presented at trial were the testimonies of two eyewitnesses and the investigating detective. The shootings took place on the night of May 18, 1994 on 79th

14

Street between Clyde and Chappell. Lorenzo Swanson, one of the eyewitnesses, testified that he had gotten off a CTA bus in the vicinity around 9:00 p.m. on May 18 when he heard gun shots. Shortly after hearing the shots, an individual ran past Swanson. In August, Swanson reviewed a line-up and identified Shade as the likely individual whom he saw running from the scene. Swanson confirmed in court that Shade was the person whom he saw running past him. Eddie Harris, the surviving victim, also provided eye witness testimony. Harris had identified Shade in the August line-up as his assailant and identified Shade again in court.

The investigating detective, Michael McDermott, testified that Shade, during interrogation and after being advised of his *Miranda* rights, gave a detailed statement implicating himself in the shooting. Shade's counsel did not present any defense at trial other than to cross-examine the prosecution witnesses.

On direct appeal from the conviction, Shade's appellate counsel filed a motion in accordance with *Anders v. California*, 386 U.S. 738, seeking leave to withdraw representation. In so moving, the appellate counsel identified only two potential issues for appeal: (1) whether the trial court erred in denying defense counsel's motion to quash Shade's statement as the fruit of an unlawful arrest and (2) whether the trial court improperly relied upon Shade's "lack of remorse" as an aggravating factor in sentencing. Shade opposed the *Anders* motion, referring to issues

raised in a motion for reconsideration filed before the trial court. The appellate court affirmed the lower court's conviction and Shade did not file any petition for review with the Illinois Supreme Court.

On May 17, 1998, Shade filed a *pro se* post-conviction petition pursuant to 725 ILCS 5/122.1 *et. seq.*, in the Circuit Court of Cook County raising three issues: (1) that he was denied effective assistance of trial counsel in that trial counsel failed to investigate and call known alibi witnesses, did not allow him to testify, and failed to present mitigating witnesses at sentencing; (2) that the trial court committed several errors in sentencing; and (3) that the trial court erred by not suppressing Shade's statement during interrogation. The court summarily denied the post-conviction petition.

On appeal from the denial of the post-conviction petition, Shade's appointed counsel filed a motion to withdraw, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), citing no appealable issues. Shade opposed the motion, insisting that he was denied effective assistance of trial counsel for his failure to investigate and call alibi witnesses during trial or mitigating witnesses at sentencing. The appellate court granted the motion to withdraw and affirmed the lower court. Shade then petitioned the Illinois Supreme Court for review but was denied.

On April 3, 2000, Shade filed the present petition for a writ of *habeas corpus*. Shade's basis for a writ is that he was denied effective assistance of trial counsel since counsel did not allow Shade to testify and did not investigate or call alibi witnesses.

**DISCUSSION**

The State, in response to Shade's petition, does not raise any claims of a procedural defect. Therefore, the Court will proceed to an analysis on the merits. The Court is also mindful that Shade has moved for an evidentiary hearing on the issues, insisting that too many factual questions remain as to the conduct of his trial counsel. However, seeing that sufficient grounds are present in the pleadings and exhibits themselves to deny the petition, the Court finds that an evidentiary hearing is unnecessary. *See Matta-Ballesteros v. Henman*, 896 F.2d 255, 258 (7th Cir.), *cert. denied*, 498 U.S. 878 (1990)("[A]n evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court.")

Here, Shade contends that his trial counsel's failure to call him as a witness and to investigate and call alibi witnesses deprived him of his constitutional right to adequate counsel. Specifically, Shade contends that he informed his trial counsel of his desire to testify but was dissuaded from testifying. Shade also submits that he counsel of certain alibi witnesses - his mother, sister, and LaMarr Westley, his sister's boyfriend, - who

would have testified that he was at home on the night of May 18, 1994. However, according to Shade, counsel did not investigate or call any of these witnesses.

To succeed on an ineffective assistance of counsel claim, the defendant has the burden of establishing both that counsel's performance fell below an objective standard of reasonableness and that there exists a reasonable probability that in the absence of the deficiency, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The task of the district court in considering a *habeas* petition is limited to determining whether the Illinois state court's rejection of Shade's ineffective-assistance claim was either "contrary to, or involved an unreasonable application" of the *Strickland* standard. *Williams v. Taylor*, \_\_\_\_ U.S. \_\_\_\_, 120 S.Ct. 1495, 2052 (2000). Shade meets neither of these conditions.

### Counsel's Failure to Allow Shade to Testify

Shade's own affidavit indicates that his trial counsel advised Shade not to testify and that Shade assented. Therefore, this is not an instance in which the petitioner was somehow forcibly prevented from exercising his right to testify. Neither is this a case in which the Court could conceivably conclude that the advice of counsel was unsound. Shade provides no evidence that the recommendation of counsel fell below an objective standard of reasonableness. In fact, Shade does not even indicate what he

would have said on the stand. *See United States ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir.1991)(assessment of ineffective assistance of counsel claim based on failure to present certain evidence or testimonies cannot proceed without "specific, affirmative showing as to what the missing evidence or testimony would have been.") Given that the state's case consisted of eyewitness testimony and Shade's own statements implicating him in the shooting, this Court cannot find that counsel's recommendation not to testify was so unreasonable.

Shade's lack of specificity with respect to why he wanted to testify also leads this Court to conclude that Shade is unable to demonstrate the requisite prejudice. Without an indication as to what Shade would have said on the stand, this Court cannot assess the effect of the testimony on the outcome of the case. Given the strength of the state's case, the Court cannot believe that Shade's mere appearance on the stand could have exonerated him.

### Counsel's Failure to Investigate or Call Alibi Witnesses

Contrary to petitioner's contentions, this is also not a case in which trial counsel wholly failed to conduct any reasonable investigation in furtherance of a defense. Even though Shade suggests that trial counsel did not investigate the available alibi witnesses, the affidavit of LaMarr Westley explicitly states that Shade's trial counsel spoke with him prior to trial about his knowledge of Shade's whereabouts. Westley is the only potentially

disinterested alibi witness that Shade offered. According to Westley's affidavit, his testimony would have been that he was with Shade, Shade's mother, and Shade's sister at their home on the night of the shooting. According to the affidavits of Shade's mother and sister, their testimony would have been the same and, therefore, simply cumulative. Thus, even if the Court were to assume that Shade's counsel did not interview Shade's mother or sister about Shade's alibi, counsel's decision to curtail the investigation would be reasonable given that counsel already had all the information from Westley, the most promising of the alibi witnesses at the time. *Rutledge v. United States*, ___ F.3d ___, 2000 WL 1582768 (Oct. 24, 2000)(holding that counsel's duty is only to make reasonable investigation of the principal facts and not every evidentiary possibility)(citing, *Strickland*, 466 U.S. at 691; *Sullivan v. Fairman*, 819 F.2d 1382, 1392 (7th Cir. 1987)).

Furthermore, there is sufficient evidence in the record to conclude that trial counsel's decision to not call these alibi witnesses to the stand was reasonable trial strategy, generally not subject to review. *United States v. Loscalzo*, 18 F.3d 374, 385 (7th Cir.1994)("[T]he decision not to call a witness is a tactical choice that is not subject to review.")(citing *Cartee v. Nix*, 803 F.2d 296, 303 (7th Cir.1986), *cert. denied*, 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987)). Shade was unsuccessful in suppressing his own incriminating statements. And nothing in the

record raises any doubts as to whether these statements were in fact made. Indeed, petitioner's own submissions to this Court acknowledge that Shade confirmed these statements during the suppression hearing. (Pet. Mem. at 4). Since the credibility of these alibi witnesses would have been severely strained in light of Shade's own statements during interrogation, the Court cannot find that the choice to forego the alibi defense took counsel's actions outside the realm of reasonableness under Strickland.

The credibility problems presented by the alibi witnesses also leads this Court to agree with the state court that Shade did not demonstrate prejudice as a result of counsel's failure to present an alibi defense. Given that the state presented evidence of Shade's own incriminating statements as well as corroborating eyewitness testimonies, the contradictory assertions of Shade's mother, sister, and sister's boyfriend that Shade was at home does not "undermine the confidence in the outcome." Strickland, 466 U.S. at 694.

## CONCLUSION

Accordingly, Shade's petition for a writ of habeas corpus is denied.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: December 8, 2006